UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,

**07 CIV. 6835**

**COMPLAINT**

07-CIV-

Plaintiffs,

**BRIEANT**

-against-

JUBCO SITE DEVELOPMENT, LLC,

Defendant.
-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

1.  This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to employee fringe benefit trust funds.

**JURISDICTION**

2.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3.  Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4. The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5. EDWARD KELLY, PETER PATERNO, ROSS PEPE, SAL SANTAMORENA, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7. The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8. JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9. The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10. Upon information and belief, Defendant, JUBCO SITE DEVELOPMENT, LLC ("JUBCO") was and still is a New York corporation, with its principal place of business located at 462 Lakeview Avenue, Valhalla, New York 10595.

11. Upon information and belief, JUBCO was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, JUBCO was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant, JUBCO is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15. At all relevant times, JUBCO agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the HEAVY & HIGHWAY CONSTRUCTION AGREEMENT dated May of 2005 (hereinafter referred to as the "Collective Bargaining Agreement").

16. LOCAL 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, the Defendant consented to the performance of an audit of JUBCO'S books and records to determine whether the defendant had made all of its required fringe benefit contributions to the LOCAL 137 TRUST FUNDS in accordance with the Collective Bargaining Agreement on behalf of the members of LOCAL 137 within its employ for the period of January 1, 2004 through December 31, 2005.

18. That on or about June 20, 2007, the results of said audit were detailed by the Plaintiff's auditor which determined that the Defendant had failed to provide the contractually required fringe benefit contributions for the members of LOCAL 14 in its employ for the period of January 1, 2004 through December 31, 2005 in the amount of $10,972.16.

19. Upon information and belief, JUBCO has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of January 1, 2004 through December 31, 2005 in the amount of $10,972.16 with additional contributions possibly being owed for the period of January 1, 2006 through Present. The precise figure for the period of January 1, 2006 through Present cannot be determined because the Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

20. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, JUBCO remains delinquent in making the proper contributions.

21. Upon information and belief, JUBCO has not paid any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS for this period.

22. As a direct and proximate result of JUBCO'S defaults, omissions and breaches of the Collective Bargaining Agreement, Plaintiffs have sustained damages in the amount of $10,972.16 along with potentially additional contributions for the subsequent period not covered by the audit of the corporate defendant's books and records all under the terms of the Collective Bargaining Agreement in force at the time of the repeated defaults and violations complained of and said Plaintiffs have, and will continue to sustain similar and additional damages until all fiduciary fund benefit contributions now due and owing together with accumulated interest, penalties and other allowable statutory expenses, as defined by ERISA and provided for in the Collective Bargaining Agreement, are paid.

23. As an employer, as such term is defined by ERISA, JUBCO may be held liable for the delinquent contributions owed to the LOCAL 137 TRUST FUNDS.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive, with the same force and effect as though more fully set forth at length herein.

25. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

26. Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, State law and ERISA, Plaintiffs are entitled to audit JUBCO' books and records.

27.     Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to their employers and the contributions due for the period of January 1, 2006 through Present.

28.     Plaintiffs therefore demand an audit of JUBCO'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1.      Of Defendant JUBCO SITE DEVELOPMENT, LLC in the amount of contributions determined to be due and owing to the Funds of $10,972.16, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a.   Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b.   Penalty interest or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c.   Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d.   Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. An order requiring Defendant JUBCO SITE DEVELOPMENT, LLC to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

2. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       July 23, 2007

                            Yours, etc.

                            BRADY McGUIRE & STEINBERG, P.C.

                            By: *James M. Steinberg*
                                James M. Steinberg (JS-3515)
                                Attorneys for Plaintiffs
                                603 Warburton Avenue
                                Hastings-on-Hudson, New York 10706
                                (914) 478-4293